# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

## AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE #: 3:09-00125-01 |
| | USM #: 19046-075 |
| V. | |
| LOUIS J. LEVINE | Peter J. Strianse |
| | DEFENDANT'S ATTORNEY |

**THE DEFENDANT:**

[X] pleaded guilty to counts **ONE and TWO of the Indictment.**
[] pleaded nolo contendere to count(s) which was accepted by the court.
[] was found guilty on count(s) after a plea of not guilty.

Accordingly, the Court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2251(a) | Production of Child Pornography | March 31, 2009 | One |
| 18 U.S.C. § 2251(a) | Production of Child Pornography | March 31, 2009 | Two |

The defendant is sentenced as provided in this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[] The defendant has been found not guilty on count(s) , and is discharged as to such counts.
[] Count(s) (is) (are) are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States District Court for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

September 14, 2012
Date of Imposition Sentence

Signature of Judicial Official

William J. Haynes, Jr. U.S. District Judge
Name & Title of Judicial Official

Date: September 27, 2012

LOUIS J. LEVINE
3:09-00125-01

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **one hundred and eighty (180) months.**

The defendant was advised of his right to appeal.

The Court makes the following recommendations to the Bureau of Prisons: **that the defendant be incarcerated at the Federal Correction Institute in Coleman, Florida.**

[X] The defendant is remanded to the custody of the United States Marshal, **who are directed to keep the Defendant in Davidson County through 9/20/2012 in order for the Defendant to attend his plea hearing in state court.**
[] The defendant shall surrender to the United States Marshal for this district,

    [] at .
    [] as notified by the United States Marshal.

[] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons, **sixty (60) days from the date of imposition of sentence.**

    [] before 2 p.m. on .
    [] as notified by the United States Marshal.
    [] as notified by the Probation Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____Defendant delivered on

_____ to _____ ,

with a certified copy of this judgment.

    _____
    United States Marshal

    By _____
    Deputy Marshal

LOUIS J. LEVINE
3:09-00125-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **twenty (20) years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the Court.

[ ]  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
[X]  The defendant shall not possess a firearm, destructive device, or any dangerous weapon. (Check, if applicable.)
[X]  The defendant shall cooperate in the collection of DNA as directed by the Bureau of Prisons. (Check, if applicable.)
[X]  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer. (Check, if applicable.)
[ ]  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court(set forth below). The defendant shall also comply with the additional, special conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may by occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

14) the defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;

15) the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

LOUIS J. LEVINE
3:09-00125-01

# SUPERVISED RELEASE

# SPECIAL CONDITIONS

1. The Defendant shall participate in sex offender treatment provided by the Bureau of Prisons and follow whatever sex offender treatment is prescribed for him upon his release by the Bureau of Prisons.

2. The Defendant shall participate in a substance abuse treatment program while in the Bureau of Prisons and follow whatever substance abuse protocol is recommended for him by the Bureau of Prisons upon his release.

3. The Defendant shall participate in mental health treatment while in the Bureau of Prisons and follow whatever mental health protocol is recommended upon his release.

4. The Defendant shall not consume any excessive amounts of alcoholic beverages.

5. The Defendant's residence and any employment must be pre-approved in writing by his probation officer.

6. The Defendant is prohibited from associating with children under the age of 18 or frequenting, volunteering, or working at places where children congregate, such as playgrounds, parks, malls, day care centers, or schools, without the written permission of the probation office.

7. The Defendant is prohibiting from possessing any pornographic material.

8. The Defendant shall not rent or use a post office box or a storage facility, and if he does, said box or storage facility will be subject to search and seizure by the Defendant's probation officer.

9. The Defendant is prohibited from possessing or using a computer or other type of electronic device that has any capacity of online computer services. The Defendant is prohibited from being employed at any place where there is such a device without the written permission of the probation office.

10. The Defendant must submit to a search of his person, papers, vehicle, and residence by a law enforcement officer or probation officer who has reasonable suspicion to believe that the Defendant is violating a condition of his supervised release.

LOUIS J. LEVINE
3:09-00125-01

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: $500,455.81 | $200 | $ | $500,255.81 |

[] The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.
[] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximate proportioned payment, unless specified otherwise in the priority order or percentage column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Victim | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |

**Totals:**

[X] Restitution amount ordered pursuant to attached agreement         $ 500,255.81

[]The defendant must pay interest on any fine or restitution of more than $ 2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

[] The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

    [] The interest requirement is waived.
    [] The interest requirement is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

LOUIS J. LEVINE
3:09-00125-01

# CRIMINAL MONETARY PENALTIES

# ADDITIONAL RESTITUTION

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Victim | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage of Payment |
|---|---|---|---|
| Totals: | $ | $ | |

LOUIS J. LEVINE
3:09-00125-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A     [] Lump sum payment of $ due immediately, balance due
         [] not later than _____, or
         [] in accordance with C, D, E, or F; or

B     [] Payment to begin immediately (may be combined with C, D, or F); or

C     [] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g. months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D     [] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g. months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E     [] Payment during the term of supervised release will commence within _____ (e.g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F     [X] Special instructions regarding the payment of criminal monetary penalties: **Ten percent (10%) of defendant's gross monthly income to be paid towards restitution. The defendant shall have the period of incarceration and supervised release to pay the restitution.**

**Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are to be made payable to the Clerk, U.S. District Court, located at 800 U.S. Courthouse, 801 Broadway, Nashville, TN 37203.**

**The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.**

[] Joint and Several
    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[] The defendant shall pay the cost of prosecution.

[] The defendant shall pay the following court cost(s):

[X] The defendant shall forfeit the defendant's interest in the following property to the United States: the Court incorporates by reference the preliminary order of forfeiture, Docket Entry No. 101.